Ettie BUFFINGTON and Alice
Thompson, Plaintiffs,

v.

Frank S. BEAL, Individually and in his
own capacity as the Secretary of Public
Welfare for the Commonwealth of Penn-
sylvania, and James Dorsey, Individually
and in his capacity as the Executive Di-
rector of the Allegheny County Board of
Assistance, Defendants.

Civ. A. No. 77–482.

United States District Court,
W. D. Pennsylvania.

May 3, 1977.

Louis A. Lessem, Neighborhood Legal
Services Association, Pittsburgh, Pa., for
plaintiffs.

John M. Duff, Pittsburgh, Pa., for de-
fendants.

MEMORANDUM AND ORDER

TEITELBAUM, District Judge.

This is an action under 42 *U.S.C.* § 1983,
28 *U.S.C.* § 1343(3) (§ 1983's *jurisdictional
counterpart) and* 28 *U.S.C.* §§ 2201 *and*
2202 for injunctive and declaratory relief
from Pennsylvania Department of Public
Welfare policies which operate to deny oth-
erwise eligible individuals public assistance
in the form of state General Assistance
benefits solely because such individuals
have been found to be eligible for federal
Supplemental Security Income benefits
(SSI) by the Social Security Administration,
pursuant to Title XVI of the Social Security
Act, 42 U.S.C. § 1381 *et seq.*

Plaintiffs Ettie Buffington and Alice
Thompson have been found to be disabled
within the meaning of Title XVI. How-
ever, because they are recently separated
from their respective husbands, plaintiffs
must suffer a six-month waiting period be-
fore they will be entitled to full SSI bene-
fits. In the interim, they are receiving SSI
in an amount substantially less than that
provided by way of General Assistance to
other persons with their incomes. It is
plaintiffs' contention that the Department
of Public Welfare policies which deny them
General Assistance violate their Fourteenth
Amendment rights to equal protection of
the law and are not rationally related to the
purpose of the state's Public Welfare Code,
62 P.S. § 401 *et seq.,* which is to provide
necessary assistance to all of Pennsylvania's
needy citizens.

On April 29, 1977, this Court denied plain-
tiffs' motion for a temporary restraining
order, but scheduled a hearing on the re-
quest for preliminary injunctive relief for
the morning of May 2, 1977. At the com-
mencement of that proceeding, now com-
pleted, trial of the instant action on the
merits was advanced and consolidated with
the hearing on the application for a prelimi-

nary injunction, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.

For reasons stated below, the declaratory and permanent injunctive relief sought by plaintiffs in this case will be granted.

I

Plaintiffs Buffington and Thompson are adult individuals presently residing within the Western District of Pennsylvania. Both are disabled. Plaintiff Buffington's sole source of income is $114.00 in monthly SSI benefits. Her husband, also a disabled individual, currently receives a monthly grant of $187.00 in veteran's benefits and, it appears, an additional $114.00 monthly from SSI.

In January, 1977, Mr. Buffington left plaintiff; since that time, he has not resided in the household and Mrs. Buffington has received no financial support from him. Shortly after her husband's departure, Mrs. Buffington contacted the Social Security Administration in Lawrence County, Pennsylvania to request that her SSI benefits be increased to the level to which an eligible individual is entitled—$200.20 monthly. She was thereupon informed that she would not be eligible for such an increase in SSI payments until she had been separated from her husband for a period of six months.

In March, 1977, Mrs. Buffington applied to the Pennsylvania Department of Public Welfare (DPW) for cash assistance under the General Assistance (GA) program, which, if granted, would have provided her with the additional amount of $44.00 per month. DPW subsequently denied benefits, citing Public Assistance Manual § 3131, which states that an applicant receiving SSI payments is not eligible for any General Assistance.

Plaintiff Thompson's sole source of income is $60.40 in monthly SSI benefits. She has been receiving benefits under the federal program since June, 1975. Prior to that time, Mrs. Thompson received General Assistance from DPW.

Mrs. Thompson's husband, also disabled, currently receives a monthly grant of $199.70 under Title II of the Social Security Act, and an additional $60.40 monthly from SSI. Since March 1, 1977, Mrs. Thompson has not resided in the same household with her husband and has received no financial support or contribution of any kind from him. On or about March 3, 1977, plaintiff Thompson contacted the Social Security Administration in Pittsburgh to request that her SSI benefits be increased to the $200.20 monthly level to which an eligible individual is entitled. She also was informed that she would not be eligible for such an increase in federal payments (SSI) until she had been separated from Mr. Thompson for a period of six months.

In March, 1977, Mrs. Thompson twice applied to DPW for cash assistance under the Commonwealth's GA program, which, if granted, would have provided her the amount of $101.60 per month. On both occasions, DPW denied such benefits, citing Public Assistance Manual § 5514, which implements the DPW policy of denying cash assistance to individuals who have been classified aged, blind or disabled, and thus eligible for SSI. This state policy denies GA benefits to such persons regardless of their need.

II

It was the intention of the Pennsylvania General Assembly in passing the Commonwealth's Public Welfare Code:

"[t]o promote the welfare and happiness of all people of the Commonwealth, by providing public assistance *to all of its needy and distressed;* that assistance shall be administered promptly and humanely with due regard for the preservation of family life . . .; and that assistance shall be administered in such a way and manner as to encourage self-respect, self-dependency and the desire to be a good citizen and useful to society." 62 P.S. § 401 (emphasis supplied).

In accord with this avowed intention, the Pennsylvania DPW has established a system to determine when an individual is "needy": Generally, a person is deemed to

be in need of General Assistance when his/her available income and resources are below a specific standard set for individuals and families.[1] If a person has less available income and fewer available resources than the standard, such person is given, in cash, the difference between his/her income and the standard. Thus, for example, if a resident of Allegheny County had income in the amount of $100.00 per month, the sum of $100.00 would be deducted from the need standard of $164.00, and such individual would be entitled to receive $64.00 per month in state General Assistance. This would be true regardless of the source of that individual's income.

General Assistance is provided in this manner to all Pennsylvanians except those who are aged, blind or disabled, and thus eligible to receive payments under the federal SSI program, Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* As plaintiffs' situation illustrates, a disabled person whose available income is less than his/her need standard is denied any opportunity to participate in the Commonwealth's GA program. Plaintiffs Buffington and Thompson, disabled women whose incomes have decreased because their husbands have left them, are being denied benefits to meet their basic subsistence needs solely because they are disabled;[2] it is clear that if either plaintiff were under 65 and healthy, DPW would immediately provide her with a supplemental GA grant to meet her needs.

The state policy here at issue takes a group of similarly situated individuals—persons whose available incomes are less than their standard of need as set by the Commonwealth—and denies a segment or portion of that group the benefits deemed necessary for self-maintenance. This policy thus creates two classes of needy Pennsylvanians: one class—young, sighted, and healthy needy persons—receives assistance; the other class—aged, blind or disabled needy persons—is denied assistance.

In my view, this classification bears no relationship to the purpose underlying the Public Welfare Code—to provide all needy Pennsylvanians with assistance sufficient to meet their minimum needs. Disabled Pennsylvanians obviously are no less in need than healthy Pennsylvanians. Nonetheless, under the present regulatory scheme, plaintiffs are denied state public assistance benefits in the amount to which all other persons with their incomes are entitled, solely because they (plaintiffs) are disabled. Until such time as their SSI benefits are increased, plaintiffs thus will be forced to maintain themselves on an income substantially below the minimal standard established by the Commonwealth.

Any classification like the one now at issue "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relationship to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Reed v. Reed,* 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971). Those classifications which fall short of this standard can withstand equal protection scrutiny only if some other legitimate governmental interest is rationally furthered. *U.S.D.A. v. Moreno,* 413 U.S. 528, 534, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973); *Williams v. Wohlgemuth,* 366 F.Supp. 541, 547 (W.D. Pa.1973), *aff'd,* 416 U.S. 901, 94 S.Ct. 1604, 40 L.Ed.2d 106 (1974).

---

1. The standard varies from county to county. Residents of Allegheny County are needy if their incomes are below these levels:

| FAMILY SIZE | GRANT STANDARD |
|---|---|
| 1 | $164.00 |
| 2 | $247.00 |
| 3 | $302.00 |

Residents of Lawrence County are needy if their incomes are below these levels:

| | |
|---|---|
| 1 | $155.00 |

| FAMILY SIZE | GRANT STANDARD |
|---|---|
| 2 | $240.00 |
| 3 | $294.00 |

2. The challenged sections of the state Public Assistance Manual which implement this policy are §§ 3131, 3133, 5514 and 5515(3). In essence, these regulations provide that persons on or eligible for SSI are barred from participation in the GA program.

In *Morales v. Minter,* 393 F.Supp. 88 (D.Mass.1975), aged residents of Massachusetts challenged a similar state policy which excluded them from participation in the state's General Relief program solely because they were over 65, on the theory that SSI was available. Like the Pennsylvania statute, the Massachusetts statute stated that its purpose was to provide aid to all the state's needy citizens. In holding that the denial of benefits to persons who were aged denied them equal protection of the law under the Fourteenth Amendment, the court stated as follows:

"The stated purpose of the GR program is to aid all residents of Massachusetts when they are in need. . . . Despite this, persons . . . 65 [and over] are denied GR assistance even if their need is as substantial as those declared eligible for GR. . . . In other words, persons similarly situated are denied assistance solely because of their age. Yet, we think it evident that need is a common denominator that cannot be classified according to age. Therefore, the classification . . . is based upon a criterion that bears no relation to the legislative purpose of the GR program . . . ." 393 F.Supp. at 100.

The court in *Morales* rejected all of the other *"interests"* advanced by the state in support of the discriminatory classification.

I believe that the same result must obtain in the case *sub judice.* Indeed, I am unable to discern any legitimate governmental interests which are in fact served or furthered by the classification here in question. In this regard, two points are noted:

First, as to any argument that it is somehow automatically more efficient for the state not to accept applications from disabled women whose spouses have left them destitute because it would otherwise be forced to determine if the separation is *"bona fide,"* it is clearly no more difficult to process plaintiffs' applications than it is to process such applications made by young, healthy women whose husbands have left them—an everyday statewide occurrence.

Second, and more broadly, the mere saving of state funds has been held to be an insufficient basis for totally excluding otherwise needy individuals from participating in a *"needs program." Shapiro v. Thompson,* 394 U.S. 618, 633, 89 S.Ct. 1322, 1330, 22 L.Ed.2d 600 (1969) (*"the savings of welfare costs cannot justify an otherwise invidious classification"); Morales v. Minter, supra; Williams v. Wohlgemuth, supra* (where Pennsylvania's policy of excluding minors—as opposed to aged, blind or disabled persons—from participating in the GA program solely because of whom they resided with was declared to be invidiously discriminatory and devoid of rational basis).

By excluding otherwise eligible aged, blind or disabled persons from its General Assistance program, the Commonwealth has denied some of its neediest citizens the means to meet their minimum living requirements. The state policy here in question cannot be deemed to bear a rational relationship to the purposes of the Public Welfare Code, and, accordingly, I find that such policy violates plaintiffs' right to equal protection of the law under the Fourteenth Amendment.

Unless the defendant Secretary of the Pennsylvania Department of Public Welfare is restrained from further implementation of the subject state policy by way of application of Public Assistance Manual §§ 3131 and 5514 (as well as §§ 3133 and 5515(3)), plaintiffs will suffer immediate and irreparable injury in that they will be wrongfully denied the supplemental GA benefits to which they are entitled, and thus deprived of the means to obtain the basic necessities of life. They have no adequate remedy at law.

The declaratory and injunctive relief sought by plaintiffs in this case will be granted.